**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES WALSH, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FEDERAL SECURITIES** |
| HOSTESS BRANDS, INC., JERRY | ) **LAWS** |
| KAMINSKI, ANDREW CALLAHAN, OLU | ) |
| BECK, LAURENCE BODNER, | ) **JURY TRIAL DEMANDED** |
| GRETCHEN CRIST, RACHEL CULLEN, | ) |
| HUGH DINEEN, IOANNIS SKOUFALOS, | ) |
| and CRAIG STEENECK, | ) |
| Defendants. | ) |

Plaintiff James Walsh ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action against Hostess Brands, Inc. ("Hostess" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by The J. M. Smucker Company ("Smucker").[1]

2.   On September 10, 2023, Hostess entered into an Agreement and Plan of Merger

---

[1] This proposed acquisition of the Company described will be referred to herein as the "Proposed Transaction."

("Merger Agreement") with Smucker and SSF Holdings, Inc. ("Purchaser"). The Merger Agreement provides that Smucker will acquire Hostess in exchange for $7.50 in cash per share of Hostess common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the October 10, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

---

[2] Purchaser commenced the Tender Offer on October 10, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute past 11:59 P.M., Eastern Time, on November 6, 2023.

2

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of shares of Hostess common stock.

10. Defendant Hostess is a Delaware corporation with its principal executive offices located at 7905 Quivira Road, Lenexa, Kansas 66215. Hostess' shares trade on the Nasdaq Capital Market under the ticker symbol "TWNK." Founded in 1919, Hostess develops, manufactures, markets, sells, and distributes snack products in the United States and Canada. Hostess provides a range of snack cakes, donuts, sweet rolls, breakfast pastries, cookies, snack pies, sweet baked goods, wafers, bread and buns, danishes, honey buns, coffee cakes, and sugar-free products. The Company offers its products under the Hostess, Dolly Madison, Cloverhill, Voortman, CupCakes, Twinkies, Donettes, Sno Balls, Ding Dongs, Zingers, Ho Hos, and Big Texas brands.

11. Defendant Jerry Kaminski is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Andrew Callahan is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant Olu Beck is and has been a director of the Company at all times relevant hereto.

14. Defendant Laurence Bodner is and has been a director of the Company at all times relevant hereto.

15. Defendant Gretchen Crist is and has been a director of the Company at all times relevant hereto.

16. Defendant Rachel Cullen is and has been a director of the Company at all times relevant hereto.

17. Defendant Hugh Dineen is and has been a director of the Company at all times relevant hereto.

18. Defendant Ioannis Skoufalos is and has been a director of the Company at all times relevant hereto.

19. Defendant Craig Steeneck is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On September 11, 2023, the Company announced in relevant part:

LENEXA, Kan.--(BUSINESS WIRE)-- Hostess Brands, Inc. (Nasdaq: TWNK) (the "Company" or "Hostess Brands"), announced today that it has entered into a definitive agreement with The J.M. Smucker Co. (NYSE: SJM) to acquire all of the outstanding shares of Hostess Brands in a cash and stock transaction valued at $34.25 per Hostess Brands share, representing a transaction value of approximately $5.6 billion, including the assumption of debt. Under the terms of the agreement, Hostess Brands shareholders will receive $30.00 in cash and 0.03002 shares of The J.M. Smucker Co. common stock (valued at $4.25 as of September 8, 2023) for

each share of Hostess Brands common stock.  The purchase price represents a premium of approximately 54% to the closing price of $22.18 on August 24, 2023, the last trading day prior to press reports of a potential transaction.

Andy Callahan, President and Chief Executive Officer of Hostess Brands commented, "I am extremely proud of the entire Hostess Brands team for the legacy they created in building a premier snacking company and driving industry leading returns for our investors.  Today represents another exciting chapter for our company as we combine our iconic snacking brands with The J.M. Smucker Co.'s family of beloved brands.  We believe this is the right partnership to accelerate growth and create meaningful value for consumers, customers and shareholders.  Our companies share highly complementary go-to market strategies, and we are very similar in our core business principles and operations.  Above all else, Hostess Brands and The J.M. Smucker Co. share a deep commitment to inspiring moments of joy and satisfaction through our products, and we look forward to continuing to do so as part of The J.M. Smucker Co. family."

"We are excited to announce the acquisition of Hostess Brands, which represents a compelling expansion of our family of brands and a unique opportunity to accelerate our focus on delighting consumers with convenient solutions across different meal and snacking occasions," said Mark Smucker, Chair of the Board, President and Chief Executive Officer of The J.M. Smucker Co.  "With this acquisition, we are adding an iconic sweet snacking platform; enhancing our ability to deliver brands consumers love and convenient solutions they desire; and leveraging the attributes Hostess offers, including its strong convenience store distribution and leading innovation pipeline, combined with our strong commercial organization and consistent retail execution across channels to drive continued growth.  Our organization is well positioned to deliver on the great potential our expanded family of brands offers, as has been reflected by our history of growth through acquisition and the successful integration of new categories to our business.  We look forward to this exciting new chapter for The J.M. Smucker Co."

**Transaction Details**

Under the terms of the agreement, The J.M. Smucker Co., through its wholly owned subsidiary SSF Holdings, Inc., will commence an exchange offer to acquire all outstanding shares of Hostess Brands.  Stockholders will receive $30.00 in cash and 0.03002 shares of The J.M. Smucker Co. common stock for each share of Hostess Brands common stock.  The closing of the exchange offer will be subject to certain conditions, including the tender of at least a majority of the outstanding shares of Hostess common stock and other customary closing conditions, including receipt of required regulatory approvals.  Upon the successful completion of the exchange offer, The J.M. Smucker Co. will acquire all of the remaining shares of Hostess Brands common stock that were not acquired in the exchange offer through a second-step merger for the same consideration per share as paid in the exchange offer.

> The cash portion of the transaction is expected to be funded through a combination of cash on hand, a bank term loan and long-term public bonds.
>
> Both The J.M. Smucker Co. and Hostess Brands Boards of Directors have unanimously approved the transaction. The transaction is anticipated to close in the third quarter of The J.M. Smucker Co.'s current fiscal year ending April 30, 2024.
>
> **Advisors**
>
> Morgan Stanley & Co. LLC and Morgan, Lewis & Bockius LLP are serving as financial and legal advisors, respectively, to Hostess Brands.

**The Materially Incomplete and Misleading Solicitation Statement**

22. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on October 10, 2023. The Solicitation Statement, which recommends that Hostess stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); and (iii) potential conflicts of interest faced by Morgan Stanley and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

23. The Solicitation Statement fails to disclose material information concerning the financial forecasts for Hostess, including the line items underlying the Company's projected: (a) Adjusted EBITDA; (b) Adjusted EPS; (c) Free Cash Flow; and (d) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's Financial Analyses*

24. The Solicitation Statement fails to disclose material information concerning Morgan Stanley's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* performed by Morgan Stanley, the Solicitation Statement fails to disclose: (a) the terminal values for the Company; and (b) Hostess's fully diluted outstanding shares.

26. With respect to the *Comparable Companies Analysis* and *Precedent Transactions Multiples Analysis* performed by Morgan Stanley, the Solicitation Statement fails to disclose the respective individual financial metrics for each of the companies and transactions analyzed by the financial advisor.

27. With respect to the *Unaffected Equity Research Analyst Price Targets* analysis performed by Morgan Stanley, the Solicitation Statement fails to disclose the individual price targets observed and their respective sources.

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Morgan Stanley and Company Insiders*

28. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Morgan Stanley, including the fees Morgan Stanley received for providing financial advisory and financing services to the Company in the two years prior to the dates of its fairness opinion.[4]

29. The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Smucker's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the

---

[4] *See* Solicitation Statement at 46.

7

"Certain Hostess Brands Management Projections," "Opinion of the Financial Advisor to the Board," "Background and Reasons for the Board's Recommendation" and "Arrangements with Current Executive Officers, Directors and Affiliates of Hostess Brands" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Hostess will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Hostess stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and

8

> the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Hostess, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

41.     Plaintiff repeats all previous allegations as if set forth in full.

42. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Hostess stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial forecasts for the Company, Morgan Stanley's financial analyses, and potential conflicts of interest faced by Morgan Stanley and Company insiders.

44. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

### COUNT III

**Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of Hostess within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Hostess, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Hostess stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated October 12, 2023               **LONG LAW, LLC**

                                     By:  */s/ Brian D. Long*
                                          Brian D. Long (#4347)
                                          3828 Kennett Pike, Suite 208
                                          Wilmington, DE 19807
                                          Telephone: (302) 729-9100
                                          Email: BDLong@LongLawDE.com

                                          *Attorneys for Plaintiff*